IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAJADE ELIJAH MELBY,**

    Plaintiff,

    v.                                                               Civil Action No. **3:22CV134**

**SHERIFF GABE MORGAN, SR.,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Dajade Elijah Melby, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on August 4, 2022, the Court directed Melby to file a Particularized Complaint. (ECF No. 21.) In the Court's August 4, 2022, Memorandum Order, the Court warned Melby that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (*Id.* at 3.) Melby filed a Particularized Complaint. (ECF No. 23.) The matter is before

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule of Civil Procedure 20(a),[2] and Melby's compliance with the Court's August 4, 2022, Order.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss

---

[2] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt,

4

and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

### III.   SUMMARY OF ALLEGATIONS AND CLAIMS

Despite receiving specific instructions about how to file a Particularized Complaint, Melby failed to follow those instructions in a manner that aids the Court in the orderly disposition of his claims. Instead, Melby's Particularized Complaint appears to be a general airing of grievances stemming from a two-month period of incarceration in the Newport News City Jail. In the August 4, 2022, Memorandum Order, the Court instructed Melby that "[t]he first paragraph of the particularized pleading must contain a list of defendants." (ECF No. 21, at 2.)[3] Melby failed to follow that specific instruction making it difficult for the Court to ascertain exactly whom he intends to name as a defendant. Next, Melby has several sets of numbering that the Court is unable to follow which makes it difficult to understand his references to other paragraphs. Finally, Melby has an initial section containing facts pertaining to claims, but then he never clearly delineates his

---

[3] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the Particularized Complaint.

claims. (*See* ECF No. 23, at 1–8.) The Court believes that Melby intends to set forth his claims in the section he identifies as "Identifying what Civil Rights were Violated." (*Id.* at 8–13.) The Court relies on this section for both the statement of his claims and the identification of the defendants who are liable. Accordingly, it appears that Melby raises the following claims in his Particularized Complaint:[4]

| | |
|---|---|
| Claim One: | Defendant Armstrong "violated my interest in liberty when he refused to apply my time credit properly" and "produced inaccurate records." (*Id.* at 8.) |
| Claim Two: | Defendant Morgan and Vergakis "failed to preserve inmates' right to exercise in the facilities outdoor recreation yard." (*Id.* at 9.) |
| Claim Three: | Defendant Walker deprived Melby his "liberty" when he "was placed into disciplinary segregation without being found guilty of any infraction nor having a proper disciplinary hearing." (*Id.*) |
| Claim Four: | Defendants Morgan and Walker refused to allow Melby to earn financial compensation for his work in the jail. (*Id.* at 10–11.) |
| Claim Five: | Defendants Chandler, Murray, and Evans violated the Freedom of Information Act when they refused to provide Melby with Chandler's or Evans's badge number. (*Id.* at 11.) |
| Claim Six: | Defendants violated Melby's "right to due process of law." <br>(a) Defendant Walker "altered the integrity of my disciplinary hearing report." (*Id.* at 12.) <br>(b) Defendant Chandler "responded to a grievance that was about her actions which is a substantial conflict of interest." (*Id.*) <br>(c) Defendant Petitfere "lost or destroyed my inmate request forms that were critical in me starting my initial grievance/and simply delayed/obstructed my right to due process." (*Id.*) |
| Claim Seven: | Defendants Walker and Hughes violated Melby's "right to be free from discrimination and prejudice" when Defendant Hughes "lied to me on body camera and consistently pursued telling me false information in an effort to stop me from taking action against Sgt. Walker." (*Id.* at 12.) |

---

[4] Melby indicates that there are nine claims in his Particularized Complaint. (ECF No. 23, at 7.) However, the Particularized Complaint appears to have eight discernable claims for relief. (*See id.* at 8–13.)

6

> Claim Eight:   Defendant "Armstrong was deliberately indifferent when I asked him to send my time credit to D.O.C." and "Sheriff Gabe Morgan, Sr. is also legally responsible due to the fact that his office participated in a series of unconstitutional behavior." (*Id.* at 12–13.)

Melby seeks monetary damages. (*Id.* at 13.)

## IV.   DISMISSAL OF IMPROPERLY JOINED CLAIMS

The Court now proceeds with the analysis outlined in the August 4, 2022, Memorandum Order. (ECF No. 21, at 3.) The first named defendant in the body of the Particularized Complaint is Defendant Chandler. (ECF No. 23, at 1.) Defendant Chandler is named in Claim Five along with Defendants Murray and Evans. Defendant Chandler is also named in Claim Six (b), but Defendants Murray and Evans are not named in any other discernable claim for relief.[5] Although Defendant Chandler is named in Claim Six (b), that portion of Claim Six is not properly joined with Claim Six (a) or (c) despite being included in the same paragraph. In Claim Six (a), Melby contends that Defendant Walker "altered the integrity of my disciplinary hearing report." (*Id.* at 12.) Next, in Claim Six (b), Melby argues that Defendant Chandler "responded to a grievance that was about her actions which is a substantial conflict of interest." (*Id.*) Finally, in Claim Six (c), Melby contends that Defendant Petitfere "lost or destroyed my inmate request forms that were critical in me starting my initial grievance/and simply delated/obstructed my right to due process." (*Id.*) Although Melby labels these three very different allegations as a violation of his right to due process, they each allege different conduct, presumably on different dates, against different

---

[5] The Court recognizes that Melby includes other vague references to Defendants Chandler, Murray, and Evans in his rambling statement of his claims. At the end of Claim Seven, Melby generally faults Defendants Walker, Hughes, Chandler, Murray, and Armstrong for discriminating against him for "neglecting to find any solutions to any of my grievances" (ECF No. 23, at 12), and at the end of Claim Eight, faults all of the Defendants "because they all played a specific role in personally violating me." (*Id.* at 13.) These allegations are too vague and conclusory to state a claim for relief much less one that comports with joinder requirements.

defendants. Therefore, Claim Six (b) is not properly joined with Claim (a) and (c). Accordingly, the Court will proceed with the analysis it announced in the August 4, 2022, Memorandum Order, and "the Court will drop all defendants not properly joined with the first named defendant."[6] (ECF No. 21, at 3.)

The remaining claims—Claims One through Four, Six (a) and (c), Seven, and Eight—are different types of claims, alleging different conduct, on different dates, against different defendants. Thus, it is apparent that Melby has failed to articulate a common question of law and fact for all of the named defendants, and that Melby's various causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Instead, Melby has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson*, 2010 WL 724023, at *7 (quoting *George*, 507 F.3d at 607). As such, permitting the joinder of Claims One through Four, Six (a) and (c), Seven, and Eight will not promote the objectives of Rule 20 or judicial efficiency. *See id.* at *8 n.10.

For the reasons set forth above, Melby's Particularized Complaint "comprises multiple law suits, rather than one suit." *Id.* at *8 (quoting *Canada v. Ray*, No. 7:08cv00219, 2009 WL 2448557, at *2 (W.D. Va. Aug. 10, 2009)).[7]

---

[6] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson*, Civil Action No. 3:09cv43, 2010 WL 724023, at *8 n.10 (E.D.Va. Mar. 1, 2020) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

[7] Through the PLRA, Congress sought to ensure "that the flood of nonmeritorious [prisoner] claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The requirement that inmates must pay the full filing fee for each separate suit, *see* 28 U.S.C. § 1915(b)(1), is one of the PLRA's key "reforms designed to filter out the bad claims and facilitate consideration of the good." *Id.* at 204. To allow an inmate, such as Melby, to "package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." *Canada*, 2009 WL 2448557, at *3.

8

Accordingly, Claims One through Four, Six (a) and (c), Seven, and Eight will be DISMISSED WITHOUT PREJUDICE because they are improperly joined. Defendants Armstrong, Morgan, Vergakis, Walker, Hughes, and Petitfere are dismissed from the action because the claims against them are improperly joined. Thus, the action proceeds solely on Claim Five against Defendants Chandler, Murray, and Evans, and Claim Six (a) against Defendant Chandler to which the Court now turns.

## V. CLAIMS AGAINST DEFENDANT CHANDLER

### A. Freedom of Information Act

In Claim Five, Melby alleges that Defendants Chandler, Murray, and Evans violated the Freedom of Information Act ("FOIA")[8] when they refused to provide Melby with Chandler's or Evans's badge number. (ECF No. 23, at 11; *see id.* at 1–2.) FOIA requires federal agencies to "make their internal records available to the public upon request." *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 818 (4th Cir. 2013). FOIA, however, does not apply to state or local entities. *Ladearious v. Goldsmith*, No. 3:13–cv–673, 2015 WL 1787297, at *3 (E.D. Va. Apr. 15, 2015) (citations omitted). Therefore, to the extent that Melby raises a claim under FOIA, he fails to state a claim for relief.

Melby also indicates that these defendants are "legally responsible due to statutory authority § 2.2–3704" and "§ 2.2–3706" or sections of the Virginia Freedom of Information Act ("Virginia FOIA"). (ECF No. 23, at 11); *see* Va. Code Ann. § 2.2–3700 *et seq.* (Va. 2022). However, to prevail on a § 1983 claim, Melby "must show that (1) [he was] deprived of a federal statutory or constitutional right; and (2) the deprivation was committed under color of state law."

---

[8] 5 U.S.C. § 552.

9

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). A violation of the Virginia FOIA does not implicate a federal statutory or constitutional right because it is a state law. Therefore, Melby fails to state a claim for relief under § 1983, and for this reason alone, Melby's claim under the Virginia FOIA may be dismissed.

Nevertheless, Melby's Virginia FOIA claims also fail for many reasons, several of which are noted here. First, Melby fails to indicate in his allegations that he made a formal request for information under Virginia FOIA and that request was denied by a public body or an appropriate custodian. *See generally* Va. Code Ann. § 2.2–3704 (West 2022). Instead, Melby simply asked both Defendant Chandler and Defendant Murray for Defendant Chandler's badge number and asked Defendant Evans for his badge number and was allegedly denied that information. Therefore, the Court fails to discern and Melby fails to plausibly allege that any right he may have under the Virginia FOIA was denied. Next, even if Melby had made a formal Virginia FOIA request to the appropriate agency and was denied the information about the badge numbers,[9] Melby has not followed the appropriate procedure set forth by the statute for obtaining relief. *See* Va. Code Ann. § 2.2–3713 (West 2022). Finally, the Virginia FOIA specifically excludes incarcerated felons, such as Melby, from having any rights under the Act. Va. Code Ann. § 2.2–3703(C) (West 2022) ("No provision of this chapter . . . shall be construed to afford any rights to any person (i) incarcerated in a state, local or federal correctional facility . . . .") Accordingly, Melby fails to allege that Defendants Chandler, Murray, or Evans deprived him of any protected right he may have under the Virginia FOIA. Accordingly, Claim Five will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.

---

[9] It seems readily apparent that this information does not exist. Melby himself alleges that Defendant Murray twice informed him that "Newport News Sheriff's Officers do not have badge numbers." (ECF No. 23, at 1.)

### B. Claim Six (b)

In Claim Six (b), Melby contends that Defendant Chandler violated his right to due process,[10] when she "responded to a grievance that was about her actions which is a substantial conflict of interest." (ECF No. 23, at 12.) Melby's claim is devoid of any facts that would suggest a violation of his rights. It is unclear what exactly Melby complained about in the grievance, and beyond Melby's mere opinion that Defendant Chandler's response was a conflict of interest, he fails to allege facts that would suggest a violation of his due process rights occurred. Additionally, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process . . . ." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). In sum, Melby fails to allege facts that would plausibly indicate that Defendant Chandler violated his right to due process. Accordingly, Claim Six (b) will be DISMISSED for failure to state a claim upon which relief may be granted.

### VII. CONCLUSION

The claims against Defendants Armstrong, Morgan, Vergakis, Walker, Hughes, and Petitfere will be DISMISSED WITHOUT PREJUDICE. Claims One through Four, Six (a) and (c), Seven, and Eight will be DISMISSED WITHOUT PREJUDICE because they are improperly joined. Claims Five and Six (b) will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

---

[10] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

11

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 22 December 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

12